FILED
2013 Oct-15  AM 11:47
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

PETER CHRISTIAN BOULETTE,    )
                             )
    Petitioner,          )
                             )
v.                           )    **2:13-CV-08046-RDP**
                             )    **(2:06-CR-131-RDP-HGD)**
UNITED STATES OF AMERICA,     )
                             )
    Respondent.          )

## MEMORANDUM OPINION

On October 10, 2013, Peter Christian Boulette, a federal prisoner acting *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Civ. Doc. 1 (the "§ 2255 Mot."))[1]  However, Boulette's Section 2255 motion is his second one attacking his conviction, and he does not claim to have an order from the United States Court of Appeals for the Eleventh Circuit authorizing this court to consider the motion.  Therefore, as explained below, Boulette's Section 2255 motion (Civ. Doc. 1) is due to be denied without prejudice for want of jurisdiction, pursuant to 28 U.S.C. § 2255(h).

Boulette's instant Section 2255 motion attacks his 600-month prison sentence entered on December 15, 2006, in case number 2:06-cr-131-RDP-HGD (Crim. Doc. 58).  That sentence rests on a jury verdict finding Boulette guilty of the following offenses: Count 1 - Possession with Intent to Distribute Fifty (50) Grams or More of Methamphetamine; Counts 2 and 4 - Possession with Intent to Distribute a Mixture and Substance Containing Methamphetamine; Counts 3 and 5 - Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and Count 6 - Felon in

---

[1] Citations herein to "Civ. Doc(s) ___" are to the document numbers assigned by the Clerk of the Court to the pleadings and other materials in the instant "civil" case, initiated by the instant § 2255 motion, *i.e., Boulette v. United States of America*, 2:13-CV-08046-RDP.  Citations to "Crim. Doc(s) ___" are to the document numbers likewise assigned in the underlying "criminal" case, *United States v. Boulette*, 2:06-cr-00131-RDP-HGD.

Possession of a Firearm. (Crim. Doc. 58). Boulette now seeks to contest that sentence based upon *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. June 17, 2013). In particular, he argues that, under *Alleyne*, he was improperly subjected to an enhanced mandatory minimum sentence based on a prior conviction which was not put to the jury in the criminal case in which he received the sentence at issue.[2]

Whatever the merits of such a claim, this court cannot now hear it. This court's records show that Boulette previously filed a Section 2255 motion in case number 2:09-CV-8004-RDP-HGD (the "2009 Case") attacking his conviction. (Crim. Doc. 73; Doc. 1 in the 2009 Case). On April 23, 2010, the court denied that Section 2255 motion. (*See* Docs. 9 and 11 in the 2009 Case). Boulette appealed his 2009 case, but his motion for a certificate of appealability was denied. (*See* Doc. 16 in the 2009 Case).

Section 2255 provides in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In turn, 28 U.S.C. § 2244(b)(3)(A) provides:

---

[2] Notably, Boulette "in fact, [] came into court and took the witness stand and admitted to the prior conviction." (Crim. Doc. 68 at 4). Further, a prior conviction was an element of the felon in possession count on which Boulette was found guilty.

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In *Burton v. Stewart*, 549 U.S. 147, 157 (2007), the Supreme Court held, in the § 2254 context, that because a state prisoner did not receive authorization from the Court of Appeals before filing his second challenge, "the District Court was without jurisdiction to entertain it." In *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam), the Eleventh Circuit held in the Section 2255 context:

> Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). Because Farris did not have authorization from this Court before filing his Rule 60(b) motion, the district court did not err in denying his motion as an unauthorized successive § 2255 motion.

*See also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Boulette has previously filed a Section 2255 motion attacking his conviction. That motion was denied, and that denial has long since become final. Boulette does not plead or otherwise suggest that he has obtained an order from the Eleventh Circuit authorizing this court to consider a second or successive Section 2255 motion. Without such an order, this court lacks jurisdiction to consider Boulette's present Section 2255 motion. Accordingly, that motion (Civ. Doc. 1) is due to be denied without prejudice, for want of jurisdiction. A separate final order will be entered.

**DONE** and **ORDERED** this ___15th___ day of October, 2013.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE